OPINION. Disney, Judge\ The question presented to us here is whether the petitioner was a bona fide resident of a foreign country, who is granted exemption from tax by section 116 (a) (1), Internal Revenue Code, as amended by section 148 (a) of the Revenue Act of 1942.[1] Prior thereto six months physical absence from the United States complied with the law, which referred only to a bona fide nonresident of the United States. It is apparent that the amendment not only extended the necessary time to a full year, but changed the character of the status required to provide affirmatively for residence in the foreign country, a stricter requirement than mere nonresidence as to the United States. We have dealt with this general question several times since the 1942 amendment. Obviously, however, in the absence of any categoric statutory definition of residence, the facts in each case affect the result in that regard. In no other case before this Court do we find facts or circumstances easily comparable with those here presented. Epitomizing those here involved, they are that the petitioner has been employed for about ten years by a company which makes geophysical exploration in various parts of the world; that the company trains its employees for foreign service; that he has worked for it in Arabia, Persian Gulf, Sumatra, and Colombia, as well as in the United States; that he went to Colombia under a three-year contract in 1941, and stayed somewhat longer than that period, returning in 1945; that income taxes were paid to Colombia, with his knowledge, and charged to his account; that he was subject to the Selective Service Draft at all times, but that the company procured deferment for him, six months at a time, on the ground of essential oil development work being done by him; that his work in Colombia involved moving from place to place in jungle or on plains; that he took no part in Colombian politics, and was forbidden by his contract to do so; that he was and is unmarried; that he learned to speak Arabian and Spanish, the native tongues being essential to his work; that he is still in the employ of the company and considers further foreign work. Was he a bona fide resident of Colombia ? After much examination of the facts here involved and of previous pronouncements on the general subject, we have come to the conclusion that the petitioner should be regarded as a resident of Colombia in the taxable years. Though in other cases, such as Arthur J. H. Johnson, 7 T. C. 1040, we have held that there was no foreign residence, such cases seem to us distinguishable in this: They involved temporary absence from the United States (though for considerable lengths of time) by parties whose earlier and later residence and work was in the United States, the foreign service being in effect merely incidental in their life work; whereas here we consider a man whose career is that of foreign service with a company by which he has been employed since February 1936, actually abroad from November 1938 until February 1945 (except six months in 1941). He was unmarried and was accustomed to working in foreign lands, and, in effect, to use a colloquial expression, “his home was where he hung his hat.” Plainly, his position is broadly different from one who had a home, a wife, and children residing in the United States. He filled out forms for payment of taxes in Colombia, and the company paid the tax and charged him with it. We regard this one of the facts properly to be considered in examination of the question. We considered it in the Johnson case, supra. Amici curiae have favored us with a thorough though somewhat repetitive brief directed in part against the idea that payment or nonpayment of taxes abroad is evidential as to foreign residence, yet the brief discloses that the Senate committee report pointed out the subjection of foreign residents to income taxes. That deduction or credit against tax is granted United States citizens for income taxes (and war profits taxes and excess profits taxes) paid foreign countries, under section 131'(a) (1), Internal Revenue Code, by no means eliminates tax payments to foreign countries from consideration, on the question of foreign residence. Other foreign taxes, direct or indirect, not the subject of credit or deduction, were considered on this subject by Congress in 1942, evidence of payment of taxes being introduced. Congressional Hearings, Senate Finance Committee, Revenue Act of 1942, pp. 744-746. Though of course not conclusive, we regard the point of taxes paid one to be weighed in determining foreign residence. They were paid by the petitioner. Though it is true that the basis of tax by Colombia was not necessarily residence, the payment, in view of Congress in passage of the act, had significance, and we so consider. It was not the act of a transient, and it is consistent with residence. Again, the intent of the petitioner, beyond argument an element for consideration, was to remain at work in Colombia three years, as in fact he did. True, he recognized that he might be called to military service and was deferred for only six months at a timé, yet it is easily seen that his attitude was that of permanence in Colombia for three years, subject to the possibility of induction into military service. He considered that a company matter and it is plain that the company was interested in securing his deferment; also, that the nature of his work could be expected to call for deferment, as in fact transpired. Indefiniteness of stay, dependent upon such circumstances, does not in our view carry much weight toward proving nonresidence. That the petitioner took no part in local politics, or church or club life is explained both by the contractual restrictions and the nature of his work, in general removed from centers of population and, obviously, even from much contact with others than the members of his work group. We see here a man engaged for years, and expecting to be further engaged, in an occupation necessitating work abroad, for long periods of time, and to such a degree as to be inconsistent with the idea of his having a real home in the United States. We think he became a resident of Colombia while so engaged. It will be noted that petitioner was in the same work group with Paul E. Swenson. Recently, in Swenson v. Thomas, 164 Fed. (2d) 783, it was held that Swenson was a resident of Colombia in 1943 and 1944. Although the record there does not indicate any temporary deferment from military service, as appears here, the facts are otherwise very much the same as here — the case of one engaged for a period of years in foreign geophysical work for the same company employing the petitioner. Indeed, Swenson referred to himself as a “transient,” as noted by the District Court, which was reversed, so the situation here is in that respect stronger for the petitioner. In the light of all of the evidence, we are of the view that this petitioner was during the taxable year a bona fide resident of Colombia, within the intendment of section 116 (a) of the Internal Revenue Code, after its amendment in 1942. Reviewed by the Court. Decision of no deficiency will be entered for the petitioner. SEC. 148. INCOME FROM SOURCES WITHOUT UNITED STATES IN CERTAIN CASES. (a) Exclusion of Earned Income Prom Foreign Sources. — Section 116 (a) (relating to earned income from sources without the United States) is amended to read as foUows.: “(a) Earned Income From Sources Without the United States.— “(1) Foreign resident for entire taxable year. — In the case of an individual citizei of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries, during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25 (a) if received from sources within the United States ; but such individuals shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.”